# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7543 | **DATE** | 10/1/2012 |
| **CASE TITLE** | Bobby Morris (#2011-0823192) vs. John Doe, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to file *in forma pauperis* [3] is granted. The Court authorizes the trust fund officer at Plaintiff's place of confinement to deduct $3.30 from his trust fund account and to continue making deductions in accordance with this order. The Clerk shall mail a copy of this order to the trust fund officer at the Cook County Jail. The Clerk shall issue summons for service of the complaint on Chicago Heights and its Police Chief Charles Guiliani. Once an attorney enters an appearance for Guiliani, Plaintiff must submit discovery requests to the attorney to learn the identities of the John Doe officers. Plaintiff's failure to conduct such discovery in accordance with this order may result in the dismissal of the Doe Defendants and this case. The clerk shall send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]                                                                 Docketing to mail notices.

## STATEMENT

Plaintiff Bobby Morris, an inmate at the Cook County Jail, has filed this civil rights 42 U.S.C. § 1983 action against two unknown Chicago Heights police officers. Plaintiff refers to the officers as John Doe #1 and #2, and includes Chicago Heights and its Police Chief Charles Guiliani as Defendants. Plaintiff alleges that, on August 20, 2011, Police Officer John Doe #1 stopped Plaintiff while he was walking on a street in Chicago Heights. Plaintiff states that the officer ordered Plaintiff to turn over a box and that the officer then arrested Plaintiff though he had broken no laws. After his arrest, Plaintiff allegedly repeatedly informed Police Officer John Doe #2 that John Doe #1 had arrested the wrong person. John Doe #2 allegedly ignored Plaintiff's pleas, as well as his requests to receive a probable cause hearing. Chicago Heights is named for indemnification purposes, should Plaintiff obtain damages against the officers. Police Chief Guiliani is named, but Plaintiff states no allegations against him.

Plaintiff seeks to file his complaint *in forma pauperis* ("IFP"). His application reveals that he cannot prepay the filing fee, and the Court grants his IFP motion. Pursuant to 28 U.S.C. § 1915(b)(1), he is assessed an initial partial filing fee of $3.30. The trust fund officer at Plaintiff's place of confinement is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the number of this case. Plaintiff shall remain responsible for the filing fee, and Cook County Jail officials shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred.

Preliminary review of Plaintiff's allegations described above, *see* 28 U.S.C. § 1915A, indicates that Plaintiff has stated a colorable cause of action against the John Doe officers. *See Holmes v. Village of Hoffman Estate*, 511 F.3d 673, 679 (7th Cir. 2007) (addressing the elements of a false arrest claim); *Morfin v. City of East Chicago*, 349

| STATEMENT |
|---|

F.3d 989, 1001 (7th Cir. 2003) (knowledge of facts of an unlawful arrest and failure to prevent it can amount to a constitutional violation). Also, Chicago Heights can be named as a Defendant for indemnification purposes. *See Yang v. City of Chicago*, 137 F.3d 522, 526-27 (7th Cir. 1998); *Wilson v. City of Chicago*, 120 F.3d 681, 684-85 (7th Cir. 1997) (Illinois law, 745 ILCS 10/9-102 allows for an indemnification claim, and a plaintiff may thus include an indemnification defendant in his federal suit). As to Police Chief Guiliani, Plaintiff asserts no claims against him. However, when a plaintiff does not know the name of an officer, he may refer to the defendant as John or Jane Doe and name as an additional defendant a supervisory official with the ability to identify the unknown officer. *See Billman v. Ind. Dep't of Corrs.*, 56 F.3d 785, 789-90 (7th Cir. 1995). Once an attorney enters an appearance for Guiliani, Plaintiff must conduct discovery to learn the names of he officers and then substitute their names for the John Doe Defendants. *Id.* at 790. Plaintiff's failure to conduct discovery within 90 days after an attorney enters the appearance may result in the dismissal of the claims against Doe Defendants for want of prosecution.

The United States Marshals Service is appointed to serve Chicago Heights and its Police Chief Charles Guiliani. Any service forms necessary for Plaintiff to complete for service will be sent to Plaintiff by the Marshal. Plaintiff's failure to return those forms may result in the dismissal of this case. The Marshal is directed to make all reasonable efforts to serve Defendants. If Guiliani is no longer with the Chicago Heights Police Department, officials there shall furnish the Marshal with his last-known address. The information shall be used only for purposes of effectuating service or to establish proof of service. Address information shall be retained only by the Marshal, and shall neither be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to mail requests for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d). However, if unable to obtain waivers, the Marshal shall attempt personal service.

Plaintiff's motion for the appointment of counsel is denied without prejudice. At this time, neither the issues nor the discovery of this case are complex, and Plaintiff appears to be competent to represent himself at this stage of the proceedings. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.2010)*; Pruitt v. Mote,* 503 F.3d 647, 656-59 (7th Cir. 2007).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. In addition, Plaintiff must send an exact copy of any filing to Defendants or, if represented by counsel, to their attorney. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.