## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7543 | **DATE** | 7/11/2013 |
| **CASE TITLE** | Bobby Morris v. Chicago Heights, et al. | | |

**DOCKET ENTRY TEXT**

Defendants' motion to dismiss [35] is granted in part and denied in part. Chicago Heights Police Chief Charles Guiliani is dismissed as a Defendant. Plaintiff may proceed with his indemnification claim against Chicago Heights; however, any other state-law claims are dismissed as time-barred. Plaintiff may also proceed with his claims of false arrest, false imprisonment, and other constitutional violations against Chicago Heights Officers Vittori and Sztuba. Plaintiff, however, must clarify which officer did which act. His amended complaint indicates that one officer arrested him but the other officer falsely imprisoned him, yet refers only to Officer Vittori for all actions. The clerk shall send Plaintiff a copy of his amended complaint, which Plaintiff should correct and resubmit as a second amended complaint. Alternatively, Plaintiff may submit an entirely fresh second amended complaint, stating his claims against the two officers. Plaintiff is given until 8/12/13 to submit a second amended complaint (either a revised version of his amended complaint or a new second amended complaint). His failure to do so will result in the amended complaint, which refers only to Officer Vittori, being the controlling complaint of this case. Repeated failures by Plaintiff to respond to orders will result in dismissal of this case for want of prosecution.

■[ For further details see text below.]     Docketing to mail notices.

## STATEMENT

Currently pending before this Court is Defendants Chicago Heights and Police Chief Guiliani's motion to dismiss Plaintiff Bobby Morris' amended complaint. Defendants contend that Plaintiff states no claims against them and that any state-law claims are untimely under the Illinois Tort Immunity Act. Plaintiff has not responded to the motion, though he was given an extension of time to do so. For the following reasons, the Court grants in part and denies in part the motion to dismiss.

Plaintiff initiated this 42 U.S.C. § 1983 action in September 2012. At that time, he named as Defendants Chicago Heights, its Police Chief Charles Guiliani, and two unknown Chicago Heights police officers referred to John Does #1 and #2. Plaintiff alleged that he was wrongly arrested by John Doe #1, that John Doe #2 refused to investigate Plaintiff's contentions that Doe #1 had arrested the wrong person, and that Plaintiff was not timely taken to a probable cause hearing following his arrest. Chicago Heights was named for indemnification purposes. Though Plaintiff stated no claims against Chief Guiliani, the Court allowed the complaint proceed against him so that Plaintiff could discover the names of Doe #1 and Doe #2.

In March 2013, Plaintiff filed an amended complaint naming Chicago Heights Police Officers Joshua Vittori (spelled "Vitorrl" by Plaintiff) and Jason Sztuba as Defendants in place of John Does #1 and #2. Again, Chicago Heights was named as a Defendant for indemnification purposes. The amended complaint also listed Chief Guiliani as a Defendant on the cover page, but neither listed him in the section requesting information about the parties, nor mentioned him in the body of the complaint where Plaintiff described his claims. Officers Vittori and Sztuba have been served, have entered an appearance, and have joined the motion to dismiss filed by Chicago Heights and Chief Guiliani.

## STATEMENT

When reviewing a motion to dismiss, this Court considers to be true all well pleaded allegations, as well as any inferences reasonably drawn therefrom. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The purpose of a motion to dismiss is not to determine whether Plaintiff will ultimately succeed on his claims, but whether the complaint sufficiently asserts facts which, when accepted as true, state a valid and plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under the notice pleading standard of Fed. R. Civ. P. 8(a)(2), the complaint need not contain detailed factual allegations, but it must present more than labels, conclusions, or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must at least "plausibly suggest that Plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). If Plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006); *Tamayo*, 526 F.3d at 1086 ("a party may plead itself out of court by pleading facts that establish an impenetrable defense to its claims").

Viewing Plaintiff's amended complaint under the above-stated standard, Police Chief Guiliani is dismissed; Chicago Heights, Officer Vittori, and Officer Sztuba remain as Defendants; and any state-law claims, other than indemnification claims, are dismissed.

With respect to Police Chief Guiliani, Plaintiff states no allegations against him in the amended complaint. The original complaint also included no allegations against him. As noted in the Court's preliminary-review order of October 1, 2012, Guiliani was kept as a Defendant only for the purpose of identifying the officers referred to as John Does #1 and #2, which has occurred as Plaintiff now refers to these Defendants by name. Even if the Court were to read into the amended complaint an allegation of an unconstitutional custom or policy against Guiliani, such an allegation would not support a claim as Plaintiff alleges only one incident of a wrongful arrest and no policy or widespread practice of similar conduct with Chicago Heights officers. *See Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) ("there is no clear consensus as to how frequently such conduct must occur to impose [municipal] liability, except that it must be more than one instance, or even three"); *see also Palka v. City of Chicago*, 662 F.3d 428, 435 (7th Cir. 2011). Accordingly, Police Chief Guiliani is dismissed.

As to the indemnification claim against Chicago Heights, 745 ILCS 10/9-102 directs a local municipality to indemnify its employees and pay any compensatory damages "for which it or an employee while acting within the scope of his employment is liable." Though earlier courts held that an indemnification claim should be raised only after obtaining a judgment against the city employee, *see Spiegel v. City of Chicago*, 920 F. Supp. 891, 901 (N.D. Ill. 1996); *Rosentreter v. Munding*, 736 F.Supp. 165, 171-72 (N.D. Ill. 1990), the Seventh Circuit in *Wilson v. City of Chicago*, 120 F.3d 681, 685 (7th Cir. 1997), indicated that an indemnification claim may be brought prior to a judgment against the employee. *See Sassak v. City of Park Ridge*, 431 F. Supp. 2d 810, 822 (N.D. Ill. 2006) (Moran, J.). Accordingly, the indemnification claim against Chicago Heights remains.

As to Defendants' contention that state-law claims must be dismissed as time-barred, the amended complaint does not appear to allege state-law claims. Plaintiff phrases his claims as violations of his Fourth and Fourteenth Amendment rights with respect to his allegations that he was arrested and imprisoned without probable cause and then not taken to a probable cause hearing within 48 hours of his arrest. (R. 27, Amended Compl. at 4-5.) Nonetheless, to the extent Plaintiff's allegations can be read as asserting state-law claims, such claims are untimely. The limitations period for Plaintiff's federal claims under 42 U.S.C. § 1983 is two years, which is the limitations period for personal injury claims in Illinois. See 735 ILCS 5/13-202; see also *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006). The limitations period for state-law claims, however, "is only one year pursuant to 745 ILCS 10/8-101." *Evans*, 434 F.3d at 934; see also 745 ILCS 10/8-101 ("No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any

| **STATEMENT** |
|---|

injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued"). To the extent the amended complaint contains state-law claims, such claims are dismissed as untimely.

For the reasons stated above, Plaintiff may proceed with his claims of false arrest, false imprisonment, and a failure to timely bring him for a probable-cause hearing after his arrest against the officers. Plaintiff may also continue with his indemnification claim against Chicago Heights. Police Chief Guiliani and any state-law claims other than indemnification are dismissed.

The Court notes that the amended complaint indicates that one officer arrested Plaintiff while the other one falsely imprisoned him. Plaintiff, however, refers to both officers as Vittori. (R. 27, Amended Compl. at 4-5.) Plaintiff should clarify which officer did which act. Plaintiff may clarify his amended complaint simply by crossing out Vittori's name and writing in Sztuba's name where appropriate. Accordingly, the Court directs the clerk to forward Plaintiff a copy of his amended complaint. After correcting the amended complaint, Plaintiff should submit it as his second amended complaint. Alternatively, Plaintiff may submit a fresh second amended complaint clarifying his claims and each officer's involvement. The Court cautions Plaintiff that an amended complaint, if accepted, replaces prior complaints and must stand complete on its own. The Court will look only to the newly accepted amended complaint, and not prior complaints, to determine the claims and parties to this suit. Plaintiff is given until 8/12/13 to submit another amended complaint (either a revised version of his amended complaint or a new amended complaint). If Plaintiff submits no second amended complaint by 8/12/13, the amended complaint received by the Court in March of 2013, which refers only to Officer Vittori, shall be the controlling complaint of this case.